```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

KURT TAYLOR,                       :

    Plaintiff,                 :

vs.                                :    CIVIL ACTION 05-0691-BH-M

COI J. JOHNSON, et al.,            :

    Defendants.                :

ORDER

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  Upon review of the Complaint (Doc. 1), and "Additional Defendant Names & Address" (Doc. 5) and "Cont. Denial 4th, 6th 8th & 14th Admenments" (Doc. 6), which are be treating as amendments to the Complaint, the Court finds that these pleadings contain claims that are not related to each other.  That is, this action contains claims based on a dispute over medical treatment, a disciplinary proceeding, the failure to receive mail, a classification appeal, a denial of school books and G.E.D. materials, Plaintiff's fingers being slammed in the tray slot, Chaplain Summers acting as an officer and not a chaplain, Plaintiff slipping and falling while walking to the shower, a failure to make adjustments in or to replace Plaintiff's leg prosthesis, and the denial of doctor and dentist visits.  In addition to the variety of claims, Plaintiff identifies as Defendants persons outside of this District as well

as persons within this District.

Plaintiff is **ORDERED** to file an amended complaint on or before **February 9, 2006,** on this Court's complaint form for a section 1983 action.  *See* Local Rule 83.9(d)(1) (requiring *pro se* litigants to utilize Court's forms).  By completing the complaint form, many pleading problems that are present in Plaintiff's complaint and amendments will be corrected.  Plaintiff's original complaint and amendments will be superseded by this amended complaint.  That means Plaintiff shall no longer rely on those documents.  The amended complaint shall contain all of Plaintiff's claims so Plaintiff will not file shortly thereafter other amendments in a piecemeal fashion as he has previously done in this action.

However, that being said, the claims and Defendants in the complaint form should be far less numerous that those contained in the original complaint and amendments due to the following pleading requirements that were not observed in the prior pleadings.  The complaint form's instructions at page 1, C, state: "<u>Separate Case.</u>  It is necessary to file a separate complaint for each claim unless the claims are related to the same incident or issue."  Thus, for each different claim Plaintiff must file a separate complaint and pay the $250.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees.

Therefore, Plaintiff must decide on which one claim he will proceed in this action.  Plaintiff is **ORDERED** file an amended complaint containing one claim and any claims that can be shown closely related to it, i.e., arising out of the same incident or facts.  Claims concerning Defendants at prisons located in other districts should be brought in other actions filed in the district where the prison is located.

In Section III of the complaint form where Plaintiff must identify each individual that he wants to be a Defendant, he is **ORDERED** to provide facts to show that individual's participation or involvement in his claim.  That is, Plaintiff must state what that individual Defendant did or failed to do and what he or she knew.  If there are more Defendants than there are spaces on the form, Plaintiff may attach additional pages to the form, *but* he must follow the format contained in Section III for *each* additional Defendant and identify his claim against each Defendant.  Furthermore, Plaintiff should be mindful when pleading his amended complaint, his amended complaint must overcome the Court's screening process, which permits the Court to dismiss an action as frivolous or for failure to state a claim, before his action will be served on Defendants.  *See* 28 U.S.C. § 1915(e)(2)(B).  Even though the courts give some leniency to *pro se* litigants, the courts will not act as a plaintiff's *de facto* attorney or rewrite a deficient complaint.

*GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1368 (11th Cir. 1998).

Section 1983 requires that a causal connection be demonstrated between *each* defendant's actions, orders, customs, or policies and a deprivation of a plaintiff's federal rights in order to state a claim upon which relief can be granted.  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.) (same), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).  Moreover, Fed.R.Civ.P. 8(a) requires that a plaintiff plead "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests."  *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).  Furthermore, specific facts must be alleged in order to state a claim under section 1983.  *Baxter v. Rose,* 305 F.3d 486, 490 (6th Cir. 2002) (holding the PLRA's screening provisions require more than notice pleading).  "'It is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of the what the plaintiff is

4

complaining, and can see that there is some legal basis for recovery.'"  *L.S.T. , Inc. v. Crow,* 49 F.3d 679, 684 (11th Cir. 1995) (quoting *Fullman*, *supra* ).

   The Clerk is **DIRECTED** to send to Plaintiff a form for a complaint under § 1983.  The failure to file the amended complaint within the prescribed time will result in the dismissal of this action for failure to prosecute and to obey the Court's Order.  Furthermore, the failure to plead an amended complaint that complies with Fed.R.Civ.P. 8(a), that is, a complaint that provides fair notice to the Court and a Defendant of the claim against Defendant, after being required to replead a complaint, will result in the dismissal of the action under Fed.R.Civ.P. 41(b) for failure to comply with the Court's Order.  *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 n.103 (11th Cir.), *cert. denied*, 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991).

   DONE this 17th day of January, 2006.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE